IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAROLYN BRANTLEY MONTGOMERY ALLEN, AIS #173959, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-488-MHT-CSC ) |
| DR. PATEL, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Sharolyn Brantley Montgomery Allen ("Plaintiff"), who is no longer incarcerated, has filed, pro se, this civil rights action pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of her federally protected rights while confined at the Montgomery County Jail. This action for damages involves a dispute over the adequacy of medical care and treatment afforded Plaintiff at the Emergency Room of Jackson Hospital and Clinic in Montgomery, Alabama. Plaintiff's amended complaint brings suit solely against Defendant Dr. Urmil S. Patel, MD.[1]

Defendant Patel filed an answer, special report, supplemental special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. Docs. 26, 27, 31. In these documents, Defendant Patel denies he acted in violation of Plaintiff's constitutional rights and further asserts that this Court lacks jurisdiction over this cause of action. *See e.g.*, Doc. 26 at 2. Upon receipt of Defendant Patel's special report and supplemental special report, the Court issued an Order providing Plaintiff an opportunity to file a response. Doc. 32. The Order informed Plaintiff that her response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id*. at 2. The Order further cautioned Plaintiff that unless "sufficient legal cause" is shown within fifteen days of entry of this Order "why such action should not be undertaken, upon the expiration of the time for the plaintiff to file a response as allowed by this order, the court may at any time thereafter and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment, and (2) after considering any response as allowed by this order, rule on the dispositive motion in accordance with law." *Id*. at 2-3. Plaintiff filed a response

---

[1] Because Plaintiff's amended complaint solely brings suit against Defendant Patel, on September 3, 2019, the Court dismissed from this case, Defendants Jackson Hospital, Dr. Richard Sample, and Dr. Steve Azezzano.

to Defendant Patel's special report. Docs. 37, 38. This case is now pending on Defendant Patel's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the Court concludes that Defendant Patel's motion for summary judgment (Doc. 27) is due to be GRANTED.

I.   Standard

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322-324.

When a defendant meets his or her evidentiary burden, as Defendant Patel has, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."); *see also Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (holding that the court should consider facts pled in a plaintiff's sworn complaint when considering summary judgment). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable factfinder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986); Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice . . . ." *Walker v. Darby*,

2

911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Only disputes involving material facts are relevant, materiality is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. At the summary judgment stage, this Court should accept as true "statements in [Plaintiff's] verified complaint, [any] sworn response to the [Defendants'] motion for summary judgment, and sworn affidavit attached to that response[.]" *Sears v. Roberts*, 2019 WL 1785355, *3 (11th Cir. April 24, 2019); *see also United States v. Stein,* 881 F.3d 853 (11th Cir. 2018) (holding that a plaintiff's self-serving and uncorroborated, but not conclusory, statements in an affidavit or deposition may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'"). However, general, blatantly contradicted and merely "[c]onclusory, uncorroborated allegations by a plaintiff in [his verified complaint or] an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (holding that conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and pro se complaints are entitled to liberal interpretation by the court, a pro se litigant does not escape the burden of sufficiently establishing a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, a plaintiff's pro se status alone does not mandate this court disregard elementary principles of production and proof in a

civil case. Here, Plaintiff fails to demonstrate a requisite genuine dispute of material fact to preclude summary judgment on her claims against Defendant Patel. *See Matsushita*, 475 U.S. at 587.

**II.     Factual Background**

Plaintiff commenced this pro se action for alleged violations of her federally protected constitutional rights while incarcerated at Montgomery County Jail ("MCJ"). Doc. 17. Plaintiff alleges Defendant Patel violated her constitutional rights when she was brought to Jackson Hospital and Clinic ("Hospital") for medical treatment. *Id*. at 2.[2] Plaintiff asserts that Defendant Patel was negligent in failing to properly treat and diagnose Plaintiff's leg pain on July 23, 2017, and because her symptoms worsened, Plaintiff returned to the Hospital and underwent surgery to treat Plaintiff's blood clots and sepsis. *Id*. at 3. Plaintiff further maintains that Defendant Patel failed to provide adequate medication or physical therapy after her surgery. *Id*. For relief, Plaintiff seeks "punitive and collateral damages." *Id*. at 4.

Plaintiff's claims stem from the following facts, viewed in the light most favorable to Plaintiff:

Defendant Patel is a licensed physician who works at the Emergency Room of the Hospital. Doc. 26 at 1. "On July 23, 2017, at approximately 10:50 p.m., [Plaintiff] presented to the Emergency Department at [the Hospital] with a complaint of pain and swelling in her right calf." Doc. 27 at 2.[3] Plaintiff's undisputed medical records indicate, on July 23, when evaluated by medical personnel, Plaintiff complained of pain and swelling in her leg, stated that she suffered no recent injury, and maintained that she suffered discomfort and tenderness in her right calf. *See generally*, *id*. Plaintiff's medical records show that Plaintiff was asked about her medical history and demonstrates that medical personnel performed various medical tests including examining Plaintiff's lymph nodes and Plaintiff's ears, nose, and throat. *Id*. at 7. Plaintiff's medical records further show that Plaintiff's joints were normal, her gait was normal, and that Plaintiff suffered no vascular compromise. *Id*. at 10. Plaintiff's medical records indicate that Plaintiff suffered from a hematoma on her calf and that Plaintiff was ultimately recommended to return "Home" after her hospital discharge. *Id*. at 13. Defendant Patel signed Plaintiff's medical charts on July 24, 2017. *Id*. at 14.

A few days later, on August 5, 2017, Plaintiff returned to the Hospital and was seen by healthcare personnel, including Defendant Patel. *Id*. at 15; *see also* Doc. 26 at 1. Plaintiff reported that she suffered severe pain and swelling in her right knee. Doc. 27 at 15. Plaintiff's medical records

---

[2]     Defendant Patel clarifies that he was among those providing medical care and services to Plaintiff on July 23, 2017, and August 5, 2017. See Doc. 26 at 1. Plaintiff does not appear to dispute Defendant Patel's statement. Plaintiff's undisputed medical records support Defendant Patel's statement. *See* Doc. 27 at 4-27.

[3]     Doc. 27 includes Defendant Patel's affidavit.

4

show that Plaintiff had a fever and suffered gait and joint problems. *Id*. at 16-17, 20. After medical personnel evaluated Plaintiff, the "Procedure Note" of Plaintiff's medical records states the following:

> Rt Knee Arthrocentesis
> Betadine Prep
> 20G Needle
> 20CC Cloudy Viscous Fluid Drained. Yellow/Creamy Color
> No Medicine Injected

*Id*. at 25. The "Comments" on Plaintiff's medical records further assert: "right knee pain and swelling, possible septic knee and "Current Problems" as "Arthritis of the knee (2017), Microcytic anemia (2017), Acute UTI (2017)." *Id*. at 26. Plaintiff was admitted to the Hospital for further treatment and Defendant Patel signed Plaintiff's medical records on August 5, 2017. *Id*. at 27. On August 8, 2017, Charles Hartzog, MD, performed surgery on Plaintiff's right leg. Doc. 21-1 at 22. Defendant Patel was not involved in Plaintiff's August 8, surgery. *See id*.

Additional facts are set forth as necessary.

**III.   Discussion**

In her amended complaint, Plaintiff asserts that Defendant Patel was negligent in treating her leg pain. Doc. 17 at 2. Plaintiff alleges, while Defendant Patel ordered an ultrasound of Plaintiff's leg on July 23, 2017, Defendant Patel then failed to diagnose or treat her pain and allowed Plaintiff to be returned to MCJ where her symptoms worsened. *Id*. at 3. Because Plaintiff was returned to MCJ without proper treatment, Plaintiff alleges her condition deteriorated. *Id*. Consequently, Plaintiff later returned to the Hospital and was treated by Defendant Patel for blood clots and sepsis in her leg. *Id*. Plaintiff further maintains, after her surgery, Defendant Patel failed to prescribe Plaintiff adequate medication and failed follow-up with Plaintiff or provide her with necessary physical therapy. *Id*.

Defendant Patel moves for the Court to grant his motion pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and (b)(6) (failure to state a claim upon which relief can be granted). Defendant Patel testifies that he "provided the medical care and services in [his] capacity as an emergency room physician and as a private citizen of the United States." Doc. 27 at 2. In his supplemental response, Defendant Patel further asserts that his counsel "communicated with the attorney for Montgomery County and determined that when the plaintiff was provided medical care at [the Hospital], no contract existed between the Detention Facility and [the Hospital] regarding medical care for inmates." Doc. 31 at 1-2.

### A. Plaintiff's Amended Complaint Fails to State a Claim Upon Which Relief can be Granted.

As noted above, Defendant Patel relies on Federal Rule of Civil Procedure 12(b)(6), along with Rule 12(b)(1), in his motion. Defendant Patel's motion directly challenges the merits of Plaintiff's federal claims. "[A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action." *Bell v. HCR Manor Care Facility of Winter Park*, 432 Fed. App'x 908, 910 (11th Cir. 2011) (quoting *Williamson v. Tucker,* 645 F.2d 404, 416 (5th Cir. 1981)) (footnote and internal quotations omitted). "'The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.'" *Id*. (quoting *Williamson*, 645 F.2d at 416); *see also Bell v. Hood,* 327 U.S. 678, 682-83 (1946) (explaining that a jurisdictional dismissal may be appropriate where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous"). Because Plaintiff's § 1983 "claims formed the basis, and thus a substantial and material part, of her [amended] complaint the Court has jurisdiction, and therefore, Plaintiff's claims must be evaluated pursuant to Fed. R. Civ. P. 12(b)(6)." *See id*. (citation omitted).[4]

Although Plaintiff filed this case utilizing the § 1983 form complaint for pro se litigants, to state a claim for relief under § 1983, "a plaintiff must allege an act which deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States, committed *by a person acting under color of state law.*" *Gilliland v. Manord*, No. 617CV00795RDPHNJ, 2017 WL 3124333, at *2 (N.D. Ala. July 5, 2017), *report and recommendation adopted*, No. 617CV00795RDPHNJ, 2017 WL 3117012 (N.D. Ala. July 21, 2017) (citing *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010)) (emphasis added in original).

Plaintiff, however, fails to show Defendant Patel is a state actor. "[A]llegations against private doctors who treat imprisoned patients, without more, do not suffice for Eighth Amendment, and hence § 1983, purposes." *Gilliland*, 2017 WL 3124333, at *2 (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) ("... private organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons"); *Styles v. McGinnis*, 28 Fed. Appx. 362, 364 (6th Cir. 2001) (private

---

[4] Because Defendant Patel provided to the Court evidentiary material and a supplemental response in support of his claims, the Court here applies the standard for a Rule 56 motion for summary judgment as set forth *supra* in Section I.

6

physician who provided emergency staffing services to hospital as an independent contractor could not be considered a state actor for purposes of § 1983); *Pino v. Higgs*, 75 F.3d 1461, 1466 (10th Cir. 1996) (private emergency room physician not acting under color of state law for purposes of a § 1983 action by examining the plaintiff); *Ellison v. Garbarino*, 48 F.3d 192, 197 (6th Cir. 1995) (private physician "in no way contractually bound to the state" deemed not a state actor under § 1983); *Nunez v. Horn*, 72 F.Supp.2d 24, 27 (N.D.N.Y. 1999) (orthopedic surgeon who performed surgery at private hospital on inmate pursuant to referral but absent contract with Bureau of Prisons not a state actor)).

Further, insofar as Plaintiff challenges Defendant Patel's medical decisions in treating her leg ailments, "'decisions [that] ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State' do not amount to state action." *Bell*, 432 Fed. App'x at 911 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1008 (1982); *see also Greco v. Orange Mem'l Hosp. Corp.,* 513 F.2d 873, 877 (5th Cir. 1975) ("[A] private hospital is subject to the provisions of 42 U.S.C. § 1983 and the Fourteenth Amendment only if its activities are significantly affected with state involvement." (footnote and internal quotations omitted)).

Section "1983 [also] does not render complaints of negligence or medical malpractice actionable under the Constitution." *Gilliland*, 2017 WL 3124333, at *3 (citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986) (an allegation of mere negligence is insufficient for violation of constitutional right); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004) (medical malpractice claim is insufficient to establish liability under § 1983); *Howell v. Evans*, 922 F.2d 712, 719-20 (11th Cir. 1991) ("mere negligent diagnosis or treatment does not constitute deliberate indifference" but rather, "at most, medical negligence" which is not "a cognizable claim" under § 1983); *Katorie v. Dunham*, 108 Fed.Appx. 694, 698-699 (3d Cir. 2004) (private doctor's course of action motivated by his own medical judgment and not the result of state action)).

In sum, Plaintiff's amended complaint "targets merely private conduct, which § 1983 does not reach. The treatment decisions that form the basis of [Plaintiff's amended] complaint constitute medical judgments made by private parties and therefore fall outside the ambit of § 1983." *Bell*, 432 Fed. App'x at 911 (citations omitted). Critically, even if Plaintiff's amended complaint is liberally construed to assert Defendant Patel acted in deliberate indifference to her serious medical needs, because Defendant Patel is not a state actor, the relief Plaintiff seeks is unattainable under § 1983. Because Plaintiff's allegations fail to state a claim upon which relief may be granted, Plaintiff's amended complaint is subject to dismissal.

### B. The Exercise of Supplemental Jurisdiction

Plaintiff's claims, liberally construed, implicate the state torts of negligence or medical malpractice. Review of such claims is only appropriate upon exercise of the Court's supplemental jurisdiction. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In the posture of this case, however, the exercise of such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a "common nucleus of operative fact."'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of this Court's finding that Plaintiff's allegations fail to state a claim upon which relief may be granted, Plaintiff's state tort claims are due to be dismissed. *Gibbs,* 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### IV. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by Defendant Patel (Doc. 27), be GRANTED.[5]

2. Plaintiff's state law claims be DISMISSED without prejudice to Plaintiff's right to refile this action in an appropriate forum.

3. Judgment be ENTERED in favor of Defendant Patel.

---

[5] While the Court recommends granting Defendant Patel's motion for summary judgment, to the extent Defendant Patel seeks reimbursement of all costs and fees incurred in defense of this action, the Magistrate Judge recommends denying this request. "Under [42 U.S.C.] § 1988, a prevailing defendant is entitled to recover attorney's fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Sibley v. Levy*, 203 F. App'x 279, 280–81 (11th Cir. 2006) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)). To determine "whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id*. (quoting *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985)) (internal quotations and citation omitted). "The three factors we have noted to be used in determining if a claim was frivolous are: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" *Id*. (quoting *Sullivan*, 773 F.2d at 1189). While the Eleventh Circuit acknowledges frivolous cases may be dismissed on summary judgment (*id*.), here, the Court recommends dismissal, without prejudice, Plaintiff's state law claims. Based on a review of the record, the Court does not find this case to be frivolous and recommends denying any request for reimbursement.

    4.   This case be DISMISSED with prejudice.

**On or before February 22, 2022,** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 8th day of February 2022.

                                    /s/ CHARLES S. COODY
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE